UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY R. NAVARRO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV801 HEA |
| ) | |
| AMERICAN NATIONAL SKYLINE ) | |
| INCORPORATED OF MO., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant American National Skyline Incorporated of Missouri's Motions to Dismiss, [Doc. Nos. 11 and 23 ], Plaintiffs oppose both motions. For the reasons set forth below, the Motions to Dismiss are denied.

**Facts and Background**

Plaintiffs originally filed this action in the Circuit Court for the County of St. Louis, Missouri. Defendant removed the action based on the Court's federal question jurisdiction, 28 U.S.C. § 1331, claiming that Plaintiffs' claims concern the terms, administration and/or interpretation of a collective bargaining agreement, and as such are completely preempted by the Labor Management Relations Act, LMRA, 29 U.S.C. § 158, *et seq*.

Plaintiffs' State Court Petition alleges that Plaintiffs were employed by

Defendant as journeymen window washers, and that Defendant failed to pay overtime wages in violation of the Missouri Wage Act, Sections 290.500 though 290.530, RSMo. Defendant has filed this Motion to Partially Dismiss for failure to state a claim. Defendant contends this action is completely preempted by the LMRA, and therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs have failed to sufficiently raise an LMRA claim.

## Discussion

## Standard of Review

### Rule 12(b)(6) Standard

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions,"

and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In support of their Motion to Partially dismiss the Amended Complaint, Defendant has submitted the Declaration of Keith Pipes, Vice President of Defendant.

In ruling on motions to dismiss, the Court *may* consider certain materials

outside the pleadings.[1]  That is, the Court is not *required* to do so.  Indeed, in the event the Court considers matters outside the pleadings when addressing the merits of a motion to dismiss which do not fall within the limited exceptions, the motion must be converted to a motion for summary judgment.

> Rule 12(b) is not permissive. "[T]he motion *shall* be treated as one for summary judgment ...." *Id*. (emphasis added). "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366). This interpretation of the rule is "appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." *Gibb*, 958 F.2d at 816.  There must be reliance by the district court on the matters outside the pleading before it can be said that a motion to dismiss has been converted into one for summary judgment. *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir.2002).

*BJC Health System v. Columbia Cas. Co.,* 348 F.3d 685, 687-68 (8th Cir. 2003).

The Court concludes that the Declaration provided to the Court constitutes a matter outside the pleading.  The document was provided "in opposition to the pleading."  For what purpose would Defendant have provided the document to the Court, other than to discredit and contradict the allegations against it?  Defendant's contention that the document merely fleshes out the allegations in the Complaint is insufficient to establish that the Court should consider it in its

---

[1] Such items as those materials those that do not contradict the complaint, are public records or are "necessarily embraced by the pleadings."

consideration of the sufficiency of the claims against Defendant. *Id*. Indeed, the Declaration sets out more than charged by Plaintiffs. The Declaration is an attempt by Defendant to establish the very essence of its preemption argument, rather than simply "fleshing out" the factual allegations of Plaintiffs' claims.

At some point in this litigation it may become necessary for the Court to determine whether Defendant is entitled to judgment based on its preemption argument. At this stage of the litigation, however, the Court is not at liberty to consider the arguments propounded based upon matters outside the pleadings, as the Court's inquiry is limited to the sufficiency of the pleadings. As such, the Motions to Dismiss must be denied.

## Conclusion

Defendant's attempt to dismiss Plaintiffs' Amended Complaint under the provision of Rule 12(b)(6) fails at this time. The Court will not consider the attached Declaration in support of the Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American National Skyline Incorporated of Missouri's Motion to Dismiss, [Doc. No. 11], is denied as superceded by its Motion to Dismiss the Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant American National Skyline

Incorporated of Missouri's Motion to Dismiss, [Doc. No. 23], is denied

Dated this 31st day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE