UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY R. NAVARRO, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:12CV801 HEA |
| AMERICAN NATIONAL SKYLINE INCORPORATED OF MO., et al., | ) | |
| Defendants, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 29]. Defendant American National Skyline Incorporated of Mo. opposes the motion. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

Plaintiffs filed their lawsuit in the Circuit Court for the County of St. Louis, Missouri. The Petition contains one count, alleging a violation of the Missouri Wage Act. Defendants removed the case to this Court on May 4, 2012. This matter now comes before the Court on Plaintiff's Motion to Remand, [Doc. No. 29]. Defendant American National Skyline Incorporated of Mo. opposes the Motion. For the reasons set forth below, the Motion will be granted.

Plaintiffs argue that this action should be remanded because the Court lacks

subject matter jurisdiction. Plaintiffs contend that the allegations of their petition are based strictly on state law and there is no mention of a collective bargaining agreement, (CBA), nor do they ask the Court to interpret a collective bargaining agreement. Rather, Plaintiffs argue that they are merely seeking wages, overtime and other expenses which have arisen as a result of their employment with Defendant. Plaintiffs argue that their claim is not preempted by the LMRA as interpretation of the collective bargaining agreement ("CBA") in place is not necessary to resolve their claim.

In response, Defendant argues that although Plaintiffs do not allege a violation of the CBA to which Plaintiffs were signatories, resolution of Plaintiff's claims necessarily involves interpretation of the CBA with respect to Plaintiff's "other expenses" claims, and therefore, the case is preempted.

Plaintiffs' Petition alleges: Plaintiffs bring the action under Sections 290.500 through Section 290/530 RSMo., Missouri's Wages, Hours and Dismissal Rights law (Missouri's Wage Act); Plaintiffs are deemed employees under the Act; Defendants are deemed employers under the Act; Plaintiffs were employed as employee journeymen window washers; from time to time, Defendants required Plaintiffs to travel out of town and outside the metropolitan St. Louis area for work in order to wash windows for which Plaintiffs were not reimbursed.

Further, the Petition alleges that although Plaintiffs worked full shifts as

employees of Defendants, Defendants refused to pay Plaintiffs all the wages they were due.  Plaintiffs worked in excess of 40 hours per week, but Defendants refused to pay Plaintiffs overtime wages.  Defendants further failed to pay Plaintiffs sums promised to be paid: work expenses, travel expenses, per diem food allowances, gas money and lodging.  It is alleged that Defendants refused to pay a safety check for passing certain and periodic safety tests as promised by Defendants.  Additionally, Plaintiffs allege Defendants did not pay weekend rates or training rates when Plaintiffs worked on weekends or trained new and/or existing employees.

## Discussion

Plaintiffs seek to remand this case contending the Court lacks jurisdiction. Defendants argue that the issues herein are preempted by the Labor Management Relations Acts, (LMRA).

Section 301 of the LMRA states: "Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ..." 29 U.S.C. § 185(a).

Section 301 of the LMRA "expresses a congressional policy that federal labor law should govern § 301 disputes." *Vacca v. Viacom Broadcasting of Missouri, Inc.*, 875 F.2d 1337, 1341 (8th Cir.1989).  "It is a mandate to the federal

courts to establish a federal common law to govern disputes arising out of labor contracts ." *Id*. (citations omitted). Therefore, if an action alleges a violation of a term of a labor contract, "federal labor law preempts any local law purporting to define the meaning or delineate the scope of a labor contract provision." *Id*. at 1342. "This assures uniformity of interpretation of collective bargaining agreements and promotes harmonious and consistent resolution of labor contract disputes." *Id*. (citations omitted). The preemptive effect of § 301 is not limited to actions alleging violations of labor contracts, however. Section 301 preempts all actions "where resolution of the action requires interpretation of a collective bargaining agreement." *Id*. As explained by the United States Court of Appeals for the Eighth Circuit in *Vacca*, however, the preemptive effect of § 301 is not all encompassing.

However, not all actions commenced by an employer by an employee covered under a labor contract must be brought under § 301. Such an employee may assert a state law claim against his employer if resolution of that claim does not require interpretation of the terms of the union contract. If resolution of the claim, however, is "substantially dependent" on the terms of the union contract, or if evaluation of the state law claim is "inextricably intertwined with consideration of the terms of the labor contract," it is preempted by § 301. The complete factual background of the case must be examined against all elements of the state law

claim, including defenses, to determine whether the terms of the union contract "come into play." *Id*. at 1342 (internal citations omitted). As explained by the Supreme Court in *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211–213 (1985):

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. Section 301 on its face says nothing about the substance of what private parties may agree to in a labor contract. Nor is there any suggestion that Congress, in adopting § 301, wished to give the substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation. Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the preemptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.
>
> Therefore, state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements.
>
> The focus must be, therefore, whether the state law cause of action, as applied in the current case:
>
>> [C]onfers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract. If the state tort law purports to define the meaning of the contractual relationship, that law is preempted.

*Id*. at 213.

A two-step analysis has been endorsed by the United States Court of Appeals for the Eighth Circuit in determining whether Plaintiffs' MWA claim is preempted by section 301.

> In applying the section 301 preemption doctrine, we begin with "the claim itself," see *Trustees of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 331 (8th Cir.2006), and apply a two-step approach in order to determine if the claim is sufficiently "independent" to survive section 301 preemption, see *Bogan*, 500 F.3d at 832. First, a "state-law claim is preempted if it is 'based on' [a] ... provision of the CBA[,]" meaning that "[t]he CBA provision at issue" actually sets forth the right upon which the claim is based. *Id*. Second, section 301 preemption applies where a state-law claim "is 'dependent upon an analysis' of the relevant CBA," meaning that the plaintiff's state-law claim requires interpretation of a provision of the CBA. *Id*.

*Williams v. National Football League*, 582 F.3d 863, 874 (8th Cir.2009). "[T]he crucial inquiry is whether 'resolution of a state-law claim depends upon the meaning of a [CBA].'" *Miner v. Local 373*, 513 F.3d 854, 865 (8th Cir.2008) (quoting *Lingle v. Norge Div. Of Magic Chef, Inc*., 486 U.S. at 399, 405–06 (1988)).

With respect to the first step of the two-step analysis, Plaintiffs' claim under the Missouri Wage Act seeks the recovery of unpaid wages. Plaintiffs' claims are not premised on rights provided by the CBA. To the contrary, Plaintiffs claim is that Defendants violated the Act by failing to pay plaintiffs for all hours worked.

The fact that Plaintiffs also claim a safety check, lodging, and travel expenses does not render this matter preempted because Plaintiffs are not asking for an interpretation of the meaning of the terms, rather, they are merely seeking payment for the hours worked and expenses incurred. The dispositive inquiry, therefore, becomes that under the second step of the analysis, *i.e.*, whether plaintiffs' MWA claim requires either the interpretation or construction of the CBA, or merely reference to the CBA.

In support of its preemption argument, Defendant notes that the CBA governs Plaintiffs and Defendants' rights and responsibilities with respect to hours worked, wages, overtime, safety check, lodging, travel and expenses and argues that Plaintiffs' MWA claim is preempted by the LMRA because it is founded on substantive rights under the CBA, depends on an interpretation and application of the CBA's terms, and requires resolution through the bargained-for remedial mechanism.

The court finds that the CBA provisions only become relevant in the event damages must be computed. Reference to the CBA for this limited purposes does not support preemption. *Livadas v. Bradshaw*, 512 U.S. 107, 124–25 (1994) (holding there was no preemption under section 301 since the wage rate provision in the CBA only had to be referenced to calculate damages). See also *Trustees*, 450 F.3d at 330 ("An otherwise independent claim will not be preempted if the

CBA need only be consulted during its adjudication.").

Further, the Court would not properly consult the CBA in order to resolve the plaintiffs' MWA claim. Rather, the Court would compare the facts as developed with the requirements of the MWA to determine whether the state statute had been violated. Such a claim is not preempted by section 301. See *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 266 (1994) (holding that strictly factual questions about an employer's conduct do not require interpretation of a term of a CBA). Section 301 does not grant parties to a CBA license ability to contract for what is illegal under state law. *Lueck*, 471 U.S. at 211–12.

## Conclusion

The Court concludes that Plaintiffs' MWA claim is based on Missouri law and the Defendants' conduct. It is not based on the CBA. Plaintiffs' claim does not depend upon an interpretation or construction of the CBA. Thus, plaintiffs' MWA claim is not preempted, and therefore, the Court lacks subject matter jurisdiction to adjudicate the claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 29], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit

Court for the County of St. Louis, Missouri.

Dated this 13th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE